BILAL A. ESSAYLI
Acting United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
LAWRENCE E. KOLE (Cal. Bar No. 141582)
Assistant United States Attorney
Chief, Domestic Security and
Immigration Crimes Section
    Ronald Reagan Federal Bldg & U.S. District Courthouse
    411 West 4th Street, Room 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3594
    E-mail: larry.kole@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 2:25-mj-3547-DUTY |
|---|---|
| Plaintiff, | STIPULATION REGARDING (1) CONTINUANCE OF DATE TO FILE INDICTMENT OR INFORMATION AND OF POST-INDICTMENT ARRAIGNMENT, AND (2) FINDINGS RE EXCLUDABLE TIME PERIOD PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| ALBERTO SANDOVAL-ALVARADO, | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorney Lawrence E. Kole and defendant Alberto Sandoval-Alvarado ("defendant"), by and through his counsel of record, Andy Miri, hereby stipulate as follows:

    1.    Defendant was arrested on June 8, 2025 and was charged by complaint for a violation of 8 U.S.C. § 1324(a)(1)(A)(iii) (Harboring Illegal Alien) on June 10, 2025.  Pursuant to the court's order upon the parties' stipulation, the Speedy Trial Act, 18 U.S.C. § 3161(b), requires that an information or indictment be filed by September 8, 2025.  Defendant is released on bond.

1

2. By this stipulation, the parties jointly move to continue (1) the date by which an information or indictment must be filed from September 8, 2025 to November 7, 2025, and (2) to conform to this new date, to continue the post-indictment/information is continued from September 10, 2025 to November 12, 2025 at 11:30 a.m. This is the second request for a continuance. The parties request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act.

1. Due to conflicts with other matters on defense counsel's calendar, particularly consecutive trials that counsel has scheduled in two homicide cases in state court, the first of which is scheduled to start during the week of September 8, 2025 and which are expected to last approximately one month each, and preparation for those trials, defense counsel represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, and possibly to present evidence to the prosecution to consider in advance of the filing of charges in this case. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and deny defendant continuity of counsel and adequate representation.

2. The government does not object to the continuance.

3. Based on the foregoing, the parties request that the Court find that, for purposes of computing the date under the Speedy Trial Act by which an information or indictment must be filed, the time period of September 8, 2025 to November 7, 2025, inclusive, should

be excluded pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the court at defendant's request, without government objection, on the basis of the court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in in a filing of an information or indictment within the period specified in Section 3161(b), (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

3. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which an information or indictment must be filed.

IT IS SO STIPULATED.

Dated: September 3, 2025.

BILAL A. ESSAYLI
Acting United States Attorney

/S/
LAWRENCE E. KOLE
Assistant United States Attorney
Chief, Domestic Security &
Immigration Crimes Section

Attorneys for Plaintiff
United States of America

Dated: September 3, 2025.

/S/*
ANDY MIRI
*9/3/25 email authorization

Attorney for Defendant
Alberto Sandoval-Alvarado

3